IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANIEL A. ZAMORE                                             PLAINTIFF

v.                       Civil No. 11-2187

USA TRUCK, INC.                                           DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Daniel A. Zamore brings this *pro se* employment discrimination action pursuant to Title VII, 42 U.S.C. § 2000e. His complaint was provisionally filed and it and the *in forma pauperis* (IFP) application are before me for preservice screening.

### I. Background

According to the allegations of the complaint, Plaintiff began working for Defendant as a truck driver on January 13, 2011. Plaintiff was discharged on March 4, 2011. Plaintiff believes Defendant discriminated against him on the basis of his national origin, Hispanic.

In particular, Plaintiff alleges that he was constantly being threatened with termination by his fleet manager, Tracy Copeland. Plaintiff indicates Copeland: would not allow him to speak in a safety meeting; would only allow him to take off three days when his father was sick; and was not concerned about Plaintiff's safety.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on May 31, 2011. A notice of right to sue was issued by the EEOC on June 8, 2011. Plaintiff alleges he received the notice that same day. *Complaint* at ¶ 3.

### II. Discussion

The Plaintiff has filed an application to proceed IFP under 28 U.S.C. § 1915. Pursuant to 28

U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP.  28 U.S.C. § 1915(e)(2).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a)(1). Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

Review of the IFP application (Doc. 2) indicates Plaintiff qualifies for IFP status.  However, review of the complaint indicates it is subject to pre-service dismissal.

Prior to instituting suit in federal court under Title VII, a person who believes he has been discriminated against must file an administrative charge of discrimination with the EEOC.  The charge must be filed within 180-days of the alleged discriminatory employment action.  42 U.S.C. § 2000e- 5(e)(1).  *See also Sowell v. Alumina Ceramics, Inc*. 251 F.3d 678, 682 (8th Cir. 2001).

Once the charge has been filed, the aggrieved person must normally wait until the EEOC issues a notice, commonly called a right-to-sue letter, before filing a lawsuit in federal court. *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997).  Once the EEOC issues a notice of right to sue, Plaintiff had ninety days to file suit in federal court.  42 U.S.C. § 2000e-5(f)(1).

The notice of right to sue was issued on June 8, 2011.  This lawsuit was not filed until October 5, 2011, well after the ninety days had expired.

### III.  Conclusion

I therefore recommend that the *in forma pauperis* application be denied and this complaint dismissed prior to service of process.  28 U.S.C. § 1915(e)(2).

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of January 2012.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE